DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal comes before the court from the Huron County Court of Common Pleas wherein appellees' motion for summary judgment was granted. For the reasons that follow we affirm.
 {¶ 2} On April 28, 1997, appellant, Keith E. Davis, obtained a judgment for $17,497.27 against appellee, Gregory McDowell. The judgment was certified on May 16, 1997, with interest accruing from April 28, 1993. On November 4, 1997, appellee conveyed certain real estate to his wife, appellee Donna J. McDowell. On January 22, 2003, appellant's attorney conducted a title search in order to uncover means to collect the judgment; it is at this point when the attorney learned of the conveyance and shortly thereafter informed appellant. On February 22, 2005, appellant filed an action to set aside the conveyance as a fraudulent transfer. On October 28, 2005, appellees filed a motion for summary judgment which the trial court granted on December 6, 2005. Appellant now appeals setting forth the following assignment of error:
 {¶ 2} "The trial court committed prejudicial error by granting summary judgment to the appellee when there were contested issues of material fact."
 {¶ 3} "When reviewing the trial court's grant of summary judgment pursuant to Civ. R. 56(C), an appellate court applies the same standard as the trial court: whether any genuine issue of material fact existed and whether the moving party was entitled to judgment as a matter of law." Fifth Street Realty v.Ina, (July 3, 1996) 9th Dist. No. 95CA006245. To prevail on a summary judgment motion, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. If this obstacle is satisfied, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial."Id. at 293, quoting Civ.R. 56(E).
 {¶ 4} R.C. Chapter 1336 governs fraudulent transfers. R.C.1336.04(A) states the following:
 {¶ 5} "(A) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the claim of the creditor arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following ways:
 {¶ 6} "(1) With actual intent to hinder, delay, or defraud any creditor of the debtor;
 {¶ 7} "(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and if either of the following applies:
 {¶ 8} "(a) The debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction;
 {¶ 9} "(b) The debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due."
 {¶ 10} R.C. 1336.05 provides:
 {¶ 11} "(A) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.
 {¶ 12} "(B) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the transfer was made to or the obligation was incurred with respect to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent."
 {¶ 13} Finally, R.C. 1336.09 provides:
 {¶ 14} "A claim for relief with respect to a transfer or an obligation that is fraudulent under section 1336.04 or 1336.05 of the Revised Code is extinguished unless an action is brought in accordance with one of the following:
 {¶ 15} "(A) If the transfer or obligation is fraudulent under division (A)(1) of section 1336.04 of the Revised Code, within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or reasonably could have been discovered by the claimant;
 {¶ 16} "(B) If the transfer or obligation is fraudulent under division (A)(2) of section 1336.04 or division (A) of section1336.05 of the Revised Code, within four years after the transfer was made or the obligation was incurred;
 {¶ 17} "(C) If the transfer or obligation is fraudulent under division (B) of section 1336.05 of the Revised Code, within one year after the transfer was made or the obligation was incurred."
 {¶ 18} The only issue raised in this appeal addresses the statute of limitations. Appellant contends that that there are genuine issues of material fact concerning the discovery of the "fraudulent" transfer. While the exact date appellant was told of the transfer is not known, appellant himself acknowledges that that he learned of it sometime after January 22, 2003. Without an exact date, this court can only conclude that, pursuant to R.C, 1336.09, the statute of limitations began to run January 23, 2003. As appellant did not file suit until February 2005, his claim is barred by R.C. 1336.09(A). Accordingly, the court did not err in granting summary judgment to appellees and appellant's sole assignment of error is found not well-taken.
 {¶ 19} On consideration whereof, the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R.24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing this appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J. concur.